**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No. 13 B 44901** |
| **DEMITRIOS G. GOUNTANIS,** | ) | |
| | ) | **Honorable Timothy A. Barnes** |
| **Debtor.** | ) | **Motion Date: September 30, 2014** |
| | ) | **Motion Time: 10:00 a.m.** |

**NOTICE OF MOTION**

TO: See Attached Service List

PLEASE TAKE NOTICE THAT on September 30, 2014, at the hour of 10:00 a.m., the **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR AND SHORTEN NOTICE,** shall be heard by the Honorable Timothy A. Barnes of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 613 at 219 South Dearborn, Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

**Affidavit of Service**

I, Ross H. Weisman, an attorney, certify that the above captioned Notice of Motion and Motion for Final Application for Compensation of Counsel and Shorten Notice for the Debtor were served upon those parties who receive notice via Regular Mail and CM/ECF filing on September 19, 2014.

/s/*Ross H. Weisman*
Ross H. Weisman

Weisman & Weisman, P.C.
Attorney for Debtor
100 N. LaSalle Street, Suite 1910
Chicago, IL 60602
(312) 782-3750

**SERVICE LIST**

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via CM/ECF

A&G Fresh Market
5630 W. Belmont Avenue
Chicago, IL 60634
Via Facsimile: 773-622-6829

Augustin Mercado
4903 N. Kruger
Chicago, IL 60630
Via Regular Mail

Chicago Sweet Connection
5569 N. Northwest Highway
Chicago, IL 60630
Via Regular Mail

Golden Shield Laboratories
6304 W. Oakton Street
Morton Grove, IL 60053
Via Regular Mail

International Meat
7107 W. Grand Avenue
Elmwood Park, IL 60707
Via Regular Mail

Lee R. Zeidman
4709 Gold Road, Suite 1140
Skokie, IL 60076
Via Regular Mail

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St
Chicago, IL 60604
Via Facsimile: 312-566-2826

Demitrios G. Gountanis
4600 N. Cumberland, #609
Chicago, IL 60656
Via Regular Mail

Casa Nostra Bakery
10401 W. Belmont Avenue
Franklin Park, IL 60131
Via Regular Mail

Dimitris Economou
4950 W. Division
Chicago, IL 60651
Via Regular Mail

Hellas Electrical
8099 N. Elmoore
Niles, IL 60714
Via Regular Mail

Jos. Cacciatore & Co. Real Estate
527 S. Wells Street
Chicago, IL 60607
Via Regular Mail

CFS Allocation Solutions LLC, as assignee of
Banco Popular North America
Attn: Scott N. Schreiber
Clark Hill PLC
150 N. Michigan Ave., Suite 2700
Chicago, IL 60601
Via Email: sschreiber@clarkhill.com
Via Email: ksimpsonjones@clarkhill.com

North Community Bank, successor in interest
to Plaza Bank, by merger and consolidation
c/o Francisco E. Connell
Chuhak & Tecson, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606
Via Email: fconnell@chuhak.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | **)** | **In Chapter 11** |
| | **)** | **Case No. 13 B 44901** |
| **DEMITRIOS G. GOUNTANIS,** | **)** | |
| | **)** | **Honorable Timothy A. Barnes** |
| **Debtor.** | **)** | **Motion Date: September 30, 2014** |
| | **)** | **Motion Time: 10:00 a.m.** |

**FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR AND SHORTEN NOTICE**

Ross H. Weisman and the law firm of WEISMAN & WEISMAN, P.C., counsel for the Debtor, DEMITRIOS G. GOUNTANIS ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount $3,800.00 for services rendered from July 22, 2014 through September 18, 2014 and the costs of preparing this fee petition in the amount of $800.00 for a total of $4,600.00 and shortening notice of the instant motion, in support thereof states as follows:

## I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

## II. GENERAL BACKGROUND

On November 19, 2013 (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On December 18, 2013, this Court entered an order allowing the retention of Ross H. Weisman as counsel for the Debtor.

On March 18, 2014, this Court awarded counsel for the Debtor interim compensation of $11,212.00 and cost reimbursement of $1,439.24. On August 26, 2014, this Court awarded counsel for the Debtor interim compensation of $18,040.00 and cost reimbursement of $30.24.

## III. CASE STATUS

Debtor is an individual who is the holder of a 50% interest in two land trusts that hold two commercial properties.

Debtor sought protection under Chapter 11 due to foreclosure litigation brought by a mortgagee. Debtor filed its Plan and Disclosure Statement on June 3, 2014. On August 20, 2014, the Court entered an order approving the Disclosure Statement and confirming the Plan.

## IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A. General Information. Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. Weisman & Weisman, P.C. has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983);

In *re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B. Billing Entries. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C. Hourly Charges. Weisman & Weisman, P.C. charges all clients, including for non-bankruptcy matters, $400.00 per hour for partner services, $150.00 per hour for travel time and $120.00 per hour for paralegal time.

## V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

## B. NARRATIVE SUMMARY

***SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY***
***[Local Rule 5082-1(B)(1)(a)]***

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| FIN | Financing | 9.50 | 3,800.00 |
| FEE | Fee Petition | 2.00 | 800.00 |
| | | | |
| **TOTAL** | | **11.50** | **$4,600.00** |

## C. NARRATIVE SUMMARY

***SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL***
***[Local Rules 5082-1(B)(1)(b) and (d)]***

From July 22, 2014 through September 18, 2014, the Debtor has incurred $3,800.00[1] in fees at Weisman & Weisman P.C.'s customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below. The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $800.00.

**1.** ***FINANCING***

Ross H. Weisman negotiated with Debtor's secured lenders to obtain their cooperation in the use of cash collateral and in negotiating settlement terms aimed at proposing a plan of reorganization. These services benefited the estate on an economic basis by supporting Debtor's operations while he worked to restructure his business. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Ross H. Weisman (RHW) | Partner | 9.50 | 400.00 | $3,800.00 |

**D. NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION**
***[Local Rules 5082-1(B)(1)(c)]***

Weisman & Weisman, P.C. requests reimbursement for the preparation of this Final Fee Petition. Weisman & Weisman, P.C. has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee Petition is contained within Exhibit B. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Ross H. Weisman (RSH) | Partner | 2.00 | 400.00 | $800.00 |

**E. NARRATIVE SUMMARY**
**HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH**
***[Local Rules 5082-1(B)(1)(d)]***

The summary of each professional and the compensation appears in the Detailed Statements of Services which is attached as Exhibit A and Exhibit B to the final fee petition. The summary is as follows:

| **Name (Initials)** | **Position** | **Hours** | **Rates** | **Total** |
|---|---|---|---|---|
| Ross H. Weisman (RSW) | Partner | 11.50 | 400.00 | $4,600.00 |
| **TOTAL** | | **11.50** | | **$4,600.00** |

**F. NARRATIVE SUMMARY**
**STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED AND PAYMENTS RECEIVED BY COUNSEL TO DATE**
***[Local Rules 5082-1(B)(1)(f)]***

This is applicant's third and final fee petition. Weisman & Weisman, P.C. had previously sought compensation and reimbursement of costs with its two Interim Fee Petitions. Orders were entered on March 18, 2014 and August 26, 2014 approving interim fees and reimbursement of expenses. Pursuant to said order, Weisman & Weisman, P.C. has received $13,448.00 towards the interim award of $30,721.48.

Additionally, Weisman & Weisman, P.C. is holding no retainer at this time.

### H. <u>NARRATIVE SUMMARY</u>
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees sought herein be allowed and paid.

## VI. CERTIFICATION

Weisman & Weisman, P.C. certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, Weisman & Weisman, P.C. has not received an objection to the fees.

## VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

> (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and
>
> (2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.*, 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.*, 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago*

*Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Ross H. Weisman and Weisman & Weisman, P.C. The various issues involved required experienced bankruptcy counsel. Ross H. Weisman has over twenty five (25) years experience in the area of bankruptcy law. Due to the substantial time expended on behalf of the Debtor, Weisman & Weisman, P.C. was precluded from accepting cases requiring extensive representation during the initial phase of this case. Weisman & Weisman, P.C. was able to accomplish a great deal directed towards aiding the Debtor in his reorganization efforts. Considering the results obtained by Ross H. Weisman the amounts involved are fair and reasonable

## VIII. OBJECTIONS

Any objections to this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before September 29, 2014.

## IX. RELIEF REQUESTED

The Debtor has provided notice of this Motion by mail to the United States Trustee, all counsel of record and all creditors. In light of the issues involved, the Debtor believes that the length and extent of such notice is appropriate under the circumstances and that any further notice be waived for cause shown pursuant to Fed. R. Bankr. P. 2002(h), 9006 and 9007.

## X. CONCLUSION

WHEREFORE, ROSS H. WEISMAN AND WEISMAN & WEISMAN, P.C. requests that this court enter an Order:

A. Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B. Allowing final compensation as counsel for the Debtor in the amount of $3,800.00 for fees incurred July 22, 2014 through September 18, 2014 plus the costs of preparing this fee petition in the amount of $800.00 for a total of $4,600.00;

C. Deeming the notice given by the Debtor to be adequate under the circumstances; and

D. Granting such other and further relief as this Court may deem just and proper.

WEISMAN & WEISMAN, P.C.

By: /s/*Ross H. Weisman*
Ross H. Weisman

Weisman & Weisman, P.C.
Attorney for Debtor
100 N. LaSalle Street, Suite 1910
Chicago, IL 60602
(312) 782-3750